NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY TAYLOR, | No. 11-16424 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02567-DGC |
| v. | |
| AFS TECHNOLOGIES INCORPORATED, AKA Advanced Food Systems Incorporated; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Billy Taylor appeals pro se from the district court's summary judgment in

his employment action alleging racial discrimination and retaliation in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Title VII and 42 U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Taylor's discrimination claims because Taylor failed to raise a genuine dispute of material fact as to whether defendants' legitimate, nondiscriminatory reasons for their adverse employment actions, including the failure to provide a salary increase and a bonus, were pretextual. *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006) (noting that use of the term "boy" will "not always be evidence of racial animus"); *Vasquez*, 349 F.3d at 640-42 & n. 5 (listing elements of a discrimination claim under Title VII and explaining that circumstantial evidence of pretext must be specific and substantial); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (an ambiguous comment that is not tied directly to an alleged adverse employment action is "weak evidence and not enough to create an inference of [race] discrimination"); *Merrick v. Farmers Ins. Group*, 892 F.3d 1434, 1438 (9th Cir. 1990) ("'stray' remarks are insufficient to establish discrimination"); *see also Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under

2                                                                                    11-16424

§ 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case.").

The district court properly granted summary judgment on Taylor's retaliation claims because Taylor failed to raise a genuine dispute of material fact as to whether he was subjected to an adverse employment action, or whether defendants' legitimate, non-retaliatory reasons for their actions, including terminating Taylor's employment, were pretextual. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-6, 1070 (9th Cir. 2004) (listing the elements of a retaliation claim, explaining that circumstantial evidence of pretext must be specific and substantial, and noting that timing alone may be insufficient to establish pretext); *Ray v. Henderson*, 217 F.3d 1234, 1240-43 (9th Cir. 2000) (discussing the range of adverse employment actions); *see also Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 801 (9th Cir. 2003) (utilizing the Title VII framework for analyzing retaliation claim).

We reject Taylor's contentions regarding the privilege log.

**AFFIRMED.**

11-16424